UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENSCO OFFSHORE CO., ET AL | CIVIL ACTION |
| VERSUS | NO. 10-1941 |
| KENNETH LEE "KEN" SALAZAR, ET AL | SECTION "F" |

ORDER & REASONS

Before the Court is the plaintiffs' motion for entry of final judgment on Counts I, II, III, V, and VI, and for amendment of the final judgment on Count IV. For the following reasons, the plaintiffs' motion is GRANTED in part and DENIED in part.

**Background**

Challenging government-imposed impediments to deepwater drilling in the Gulf of Mexico, Ensco Offshore Company sued the government on July 9, 2010. Ensco amended its complaint twice. On July 20, 2010, it expanded its complaint to root out other causes of governmental delay; its January 13, 2011 amendment added a second plaintiff, ATP Oil and Gas Corporation. Together, ATP and Ensco raised six counts arising under the Administrative Procedure Act and the Outer Continental Shelf Lands Act. The last of these counts was resolved on June 20, 2011.

This Court entered a partial final judgment on Count IV before then, on May 20, 2011. That judgment was amended on June 16, 2011 to reflect the terms of a Settlement Agreement Ensco reached with the government. In light of the complexity of this case, on June

1

28, 2011, this Court ordered:

> The plaintiffs shall prepare a judgment, which reflects this Court's orders as well as Ensco's settlement agreement with the government. The judgment is due not later than July 5, 2011.

Moving for entry of final judgment,[1] the plaintiffs ask the Court to include the following language in the final judgment on Counts I, II, III, V, and VI:

<u>All Counts</u>

> That in accordance with the Settlement Agreement, as between Ensco and the Federal Defendants, each party shall bear its own attorney's fees, costs, and expenses in connection with this litigation. As between all other parties, including ATP and Federal Defendants, any award of attorney's fees, costs, and expenses shall be determined pursuant to Fed. R. Civ. P. 54, Local Rules 54.2., 54.3, and 54.3.1, and applicable law. *Pursuant to Fed. R. Civ. 59(e), the Final Judgment on Count IV (Doc. No. 356, amended by Doc. No. 375) is hereby further amended by adding the preceding two sentences.*

(Emphasis added.)

The government opposes only the inclusion of the text regarding ATP[2] and proposes this alternative:

---

[1] The plaintiffs moved for entry of judgment on July 5, 2011. Finding that it did not comply with local filing rules, the Clerk's office marked it deficient. Before the plaintiffs could correct the deficiency, the government expressed its objections to the judgment as proposed, and the parties decided, independent of any order of this Court, to engage in motion practice.

[2] The plaintiffs and government agree to the terms of the plaintiffs' proposed judgment to the extent it summarizes the Court's previous orders on Counts I, II, III, V, and VI and Ensco's

<u>Counts I, II, III, V, and VI</u>

> That in accordance with the Settlement Agreement, as between Ensco and the Federal Defendants, each party shall bear its own attorney's fees, costs, and expenses in connection with this litigation. As between all other parties, including ATP and Federal Defendants, any award of attorney's fees, costs, and expenses shall be determined pursuant to Fed. R. Civ. P. 54, Local Rules 54.2., 54.3, and 54.3.1, and applicable law.

**Law & Analysis**

In requesting final judgment on Counts I, II, III, V, and VI, the plaintiffs correctly summarize the decisions of this Court on those counts and include the variations introduced by Ensco's settlement with the government. The government only partly disputes the content of Paragraph 7. To the extent that this paragraph summarizes an aspect of Ensco's settlement with the government—the question of attorney's fees, costs, and expenses—, the Court agrees with the plaintiffs and the government that its inclusion in the final judgment on Counts I, II, III, V, and VI, is proper. But, to the extent that the plaintiffs attempt to amend the final judgment on Count IV through this language in the judgment on the other five counts, the Court DENIES the plaintiffs' motion.

I.

In seeking final judgment on Counts I, II, III, V, and VI, the

---

Settlement Agreement with the government. The Court GRANTS the plaintiffs' motion to the extent it addresses these issues.

3

plaintiffs move to amend the judgment on Count IV. Because the Court entered the final amended judgment on Count IV on June 16, 2011, and because the plaintiff filed his motion to amend it on July 13, 2011, only twenty-seven days later, Rule 59(e) governs the plaintiffs' request to amend the Count IV judgment. See FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtex. Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may be granted only if the moving party shows there was a mistake of law or fact or presents newly-discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'") (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (quoting Simon v. United States, 891

4

F.2d 1154, 1159 (5th Cir. 1990))).

The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." 367 F.3d at 479.

## II.

Plaintiffs assert that the proposed language on fees, costs, and expenses should be included to make clear that (1) under their settlement, Ensco and the government are not liable to each other for any fees, costs, and expenses; and (2) Ensco's settlement with the government does not hinder any other parties' abilities to seek fees, costs, and expenses from each other. The government responds that the language the plaintiffs seek to add falls short of Rule 59(e)'s standard and stresses that its inclusion is unnecessary to clarify ATP's and Ensco's respective rights. The Court agrees.

The plaintiffs have not shown that they are entitled to Rule 59(e)'s "extraordinary remedy": they allege no mistake, no newly-discovered evidence, no change in law, and no equitable reason why it is necessary to further amend the Count IV judgment. That fact

weighs with the principle that final judgments should not be lightly disturbed. And, the existing Count IV judgment, with its silence on fees, costs, and expenses, does not muddle the plaintiffs' rights.

The parties' memoranda indirectly divulge an unresolved dispute over ATP's entitlement to attorney's fees, costs, and expenses. Neither party shows that resolving that dispute now is proper; nor do they demonstrate that, as a matter of law, this issue of fees, costs, and expenses is one which needs to be included in the judgment. Questions of timeliness and entitlement to attorney's fees, costs, and expenses that the parties raise now are not properly resolved now.[3]

IT IS ORDERED: The motion is GRANTED in part and DENIED in part.[4]

New Orleans, Louisiana, August 4, 2011.

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] ATP's motion for costs, set for a hearing on the papers on August 24, 2011, will give the Court an opportunity to resolve this tangential but sensitive issue.

[4] A judgment reflecting the terms of this Order will be entered.